E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-730-GHK (DTBx) | Date | October 1, 2013 |
|---|---|---|---|
| Title | *Kelly Jenkins Ortiz v. Sam T. Hassell, et al.* | | |

**Presiding: The Honorable    GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Defendants' Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue [Dkt. No. 23]; Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [Dkt. No. 22]

This matter is before us on Defendants' Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue ("Motion"). We have reviewed the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.    Background**

On April 22, 2013, Plaintiff Kelley Jenkins Ortiz ("Plaintiff" or "Ortiz") filed this diversity action against Defendants Sam T. Hassell ("Hassell"), Marketel Media, Inc. ("Marketel"), and Intelimarc, Inc. ("Intelimarc," and collectively with Hassell and Marketel "Defendants"). Her claims, which include breach of fiduciary duty, conversion, civil conspiracy, and constructive fraud, arise from her co-ownership of Marketel with Hassell.

Marketel, which was incorporated in North Carolina in 2011, is an advertising business that chiefly does work on behalf of political organizations. (Compl. ¶¶ 5-6). Original ownership of Marketel was split 50/50 between Hassell and Ortiz. (Compl. Ex. A). Hassell solicited business for the company from North Carolina, while Ortiz placed advertising, invoiced clients, paid operating expenses, and distributed profits from her office in Temecula, California. (Ortiz Decl. ¶12). Defendant Intelimarc, also incorporated in North Carolina in 2011, was formed for the purpose of managing the advertising and marketing for the Newt Gingrich Super PAC "Winning Our Future." (NC Compl., ¶¶

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-730-GHK (DTBx) | Date | October 1, 2013 |
|---|---|---|---|
| Title | *Kelly Jenkins Ortiz v. Sam T. Hassell, et al.* | | |

34-35).[1]  Ortiz alleges that Hassell wrongfully diverted Marketel assets and corporate opportunities to Intelimarc.  (Compl. ¶ 24).

On February 14, 2013, Ortiz sent a derivative action demand letter to Hassell and Marketel. (Compl. Ex. B).  Pursuant to North Carolina General Statute section 55-7-42, Hassell and Marketel had 90 days to review Ortiz's demand letter.  Ninety days after Hassell and Marketel received Ortiz's demand letter, they filed a complaint against Ortiz and her business, Mediapotamus, Inc. ("Mediapotamus") in North Carolina State Court seeking declaratory relief and also asserting claims against Ortiz and Mediapotamus for defamation and negligent maintenance of Marketel's finances and records.  Ortiz removed the action to the United States District Court for the Eastern District of North Carolina ("E.D.N.C.") on June 13, 2013.  Ortiz also filed a motion to transfer the action to this District. Her motion is currently pending before the E.D.N.C. court.

Prior to Hassell and Marketel's filing of the North Carolina lawsuit—and before the 90 days on the demand letter had elapsed—Ortiz initiated this action on April 22, 2013, but Hassell was not served until July 2, 2013.  On August 8, 2013, Defendants filed the instant motion to dismiss Plaintiff's complaint for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406.  Alternatively, Defendants seek to transfer to the E.D.N.C. pursuant to 28 U.S.C. § 1404(a).  Finally, Defendants also bring a motion to dismiss Ortiz's claims pursuant to Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for failure to comply with procedural requirements for filing a derivative suit.

**II.    Discussion**

      **A.    Motion to Dismiss for Improper Venue**

"Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper."  *DirecTV, Inc. v. Leo*, 2010 WL 2740072, *6 (C.D. Cal. 2010).  When there are multiple claims in an action, the plaintiff must establish that venue is proper as to each claim. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).  In considering a motion to dismiss for improper venue, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings."  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citation omitted).  The court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."  *Id.* at 1138.

Under 28 U.S.C. § 1391(b), a civil action may only be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Defendants request that we take judicial notice of the pleadings filed in the pending action involving these parties in the Eastern District of North Carolina.  Because such public records are generally appropriate subjects for judicial notice, and Plaintiff does not object to the request, we **GRANT** Defendants' Request for Judicial Notice.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-730-GHK (DTBx) | Date | October 1, 2013 |
|---|---|---|---|
| Title | *Kelly Jenkins Ortiz v. Sam T. Hassell, et al.* | | |

occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Plaintiff contends that venue lies is this District under section 1391(b)(2). Accordingly, she must show that "a substantial part of the events or omissions giving rise to [her] claim[s] occurred" in California. Her complaint alleges several claims of corporate wrongdoing: breach of fiduciary duty, conversion, civil conspiracy, constructive fraud, breach of the implied duty of good faith and fair dealing, and fraud by concealment. Given that Hassell performed his work for Marketel from his Raleigh, North Carolina office (Hassell Decl. ¶ 15), the alleged corporate wrongdoing giving rise to Ortiz's claims did not plausibly occur in California.

Plaintiff's contention that a substantial part of the events giving rise to her claims occurred in California because she performed duties related to her co-ownership of Marketel from a Temecula, California office fundamentally misunderstands section 1391(b)(2)'s defendant-oriented inquiry. *See W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex. Sys.*, 2011 U.S. Dist. LEXIS 4499, *21 (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("[B]y referring to 'events and omissions giving rise to the claim,' Congress meant to require courts to focus on the relevant activities of the defendant, not the plaintiff."). In determining whether venue is proper pursuant to section 1391(b)(2), the only relevant events are those that gave rise to the plaintiff's claims. Here, the allegations in Plaintiff's complaint have nothing to do with her operation of Marketel out of Temecula. Accordingly, Plaintiff's activities in Temecula are irrelevant for purposes of this Motion. *See, e.g.*, *Penn. Gear Corp. v. Fulton*, 1999 WL 80260, at *3 (E.D. Pa. 1999) ("Plaintiff places great weight in having invoiced sales for customers and collected payments from customers at PennGear's offices in the Eastern District of Pennsylvania. These administrative tasks are not 'events or omissions giving rise' to the claims in this action [involving defendants' alleged misconduct].").

Plaintiff also suggests that a substantial portion of Defendants' allegedly wrongful conduct took place in California because they took money from Marketel's Temecula bank account, she was locked out of Marketel's Temecula bank account, and Hassell contacted her in California and threatened her with criminal charges. Again, Plaintiff seems to fundamentally misunderstand section 1391(b)(2)'s requirements. While these minimum contacts might be relevant to a personal jurisdiction inquiry, 1391(b)(2) requires a different analysis. For venue to properly lie, the events giving rise to Ortiz's claims must have occurred in California. Each of Defendants' actions identified by Ortiz may have been directed towards California, but they originated in North Carolina. And this is what is relevant for purposes of section 1391(b)(2). For example, although Plaintiff accessed Marketel's account from a Wells Fargo branch in Temecula, the "truly relevant acts"—the alleged wrongful conduct that caused the effects felt by Plaintiff in Temecula—happened in North Carolina. *See, e.g.*, *Kappa Prods. v. Auerbach*, 1986 U.S. Dist. LEXIS 19291, at *4-5 (N.D. Ill. 1986) (holding that defendants wrongfully drawing funds from plaintiff's Chicago bank account was insufficient to lay venue in Illinois). Similarly, although Ortiz was in California when Hassell allegedly threatened her, Hassell was presumably working out of his Raleigh office. Thus, this alleged wrongful act also took place in North Carolina. (Hassell Decl. ¶ 15). Even if Hassell did make this threat when he was in California, a

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-730-GHK (DTBx) | | Date | October 1, 2013 |
|---|---|---|---|---|
| Title | *Kelly Jenkins Ortiz v. Sam T. Hassell, et al.* | | | |

solitary threat can in no way be construed as a "substantial" portion of the operative events.

Accordingly, this is not the "unusual case" where the locus of Plaintiff's action is in two distinct districts. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979). Because Defendants' alleged corporate wrongdoing occurred in North Carolina, Plaintiff has failed to meet her prima facie burden to show that a "substantial part" of the events giving rise to her claims occurred in this District.

**B.**     **Transfer**

The conclusion that this District is an improper venue for plaintiff's claim does not compel dismissal of the action. Under 28 U.S.C. § 1406(a), we must decide whether, in the interest of justice, this case should instead be transferred to another district in which it could have been brought. Absent harassment, bad faith, or blatant forum-shopping by the plaintiff, so long as there is another district in which the action could have been brought, the interest of justice generally favors transfer over the harsh remedy of dismissal. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *Wilhelm v. Yott*, 2009 WL 257982 at *1 (E.D. Cal. Aug. 19, 2009).

This action could have originally been brought in the E.D.N.C. Section 1391 provides that venue lies in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, all the Defendants reside in the same state: Hassell is a North Carolina resident, and Marketel and Intelimarc were both incorporated in North Carolina. Section 1391(d) further provides that a corporation "shall be deemed to reside in any district . . . within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." Ortiz does not dispute that Marketel and Intelimarc both have offices in Wake County, North Carolina, which is in the E.D.N.C. These contacts would be sufficient to subject both Marketel and Intelimarc to personal jurisdiction in the E.D.N.C. Ortiz also does not dispute that Hassell resides in Wake County. Accordingly, venue is proper in the proffered transferee district. In addition, even though Ortiz hurriedly filed suit in an improper venue in an effort to beat Hassell to the courthouse, we do not think she needs to be penalized by "time-consuming and justice-defeating technicalities." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). It is therefore in the interest of justice to transfer this action to the E.D.N.C. rather than dismiss for improper venue.

**III.**     **Conclusion**

Plaintiff fails to satisfy her burden of establishing that venue is proper in this District. Accordingly, we **GRANT** Defendants' Motion to the extent it seeks transfer to E.D.N.C. pursuant to section 1406(a). However, dismissal is not warranted. Accordingly, we **DENY** Defendants' Motion to the extent it seeks dismissal under Rule 12(b)(3) for improper venue. We also **DENY** Defendants' alternative motion for a discretionary transfer pursuant to 1404(a) as moot. We need not rule on Defendants' Motion to the extent it seeks dismissal under Rule 12(b)(6) and Rule 12(b)(1)—we reserve these aspects of Defendants' Motion for the transferee court to decide.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-730-GHK (DTBx) | Date | October 1, 2013 |
|---|---|---|---|
| Title | *Kelly Jenkins Ortiz v. Sam T. Hassell, et al.* | | |

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk     Bea